## Case No. 15,903.

### UNITED STATES v. NUNNEMACHER et al.

[7 Biss. 129.] 1

Circuit Court, E. D. Wisconsin. April, 1876.

#### INDICTMENT—DUPLICITY—CONSPIRACY — INTERNAL REVENUE.

1. Under Rev. St. U. S. § 3296, an allegation of the removal of spirits on which the tax had not been paid to a place other than the distillery warehouse, and the concealment thereof, is equivalent to alleging the concealment of spirits which have been removed, etc., and on which the tax had not been paid, and an indictment drawn as above is not bad for duplicity.

[Cited in U. S. v. Lancaster. 44 Fed. 894; U. S. v. Thomas, 69 Fed. 590.]

2. In drawing an indictment it is not necessary that the exact words of the statute be used, if their precise equivalent is expressed, and the words "in execution and pursuance of" are equivalent in meaning to the words "to effect the object of."

3. In the statement of a conspiracy, certainty to a common intent is sufficient.

4. The allegation that the tax on the spirits "had not been paid" is sufficient without an allegation that it "was still due and owing."

5. The time when the spirits were distilled is not material.

6. Many cases cited and commented upon.

Motion to quash indictment. It is alleged in the first count of the indictment that the defendants [Jacob Nunnemacher and others], on the 18th day of December. 1874, did remove and did aid and abet in the removal of 3500 proof gallons of distilled spirits on which the tax then due and owing to the United States, and required by law to be paid, had not been paid, from the distillery of Christian Guenther, where said distilled spirits had theretofore been distilled. to a place other than the distillery warehouse of the said Guenther, and did then and there conceal and aid in the concealment of said distilled spirits so removed, and on which the tax had not been paid. The second count is like the first, except that the time of the alleged removal and concealment of spirits is stated in that count to have been December 21st, 1874, and the quantity of spirits removed and concealed, to have been 3000 proof gallons.

J. C. McKinney and L. S. Dixon, for the United States.

Winfield Smith and Jas. G. Jenkins, for defendant Nunnemacher.

DYER. District Judge. The statute (Rev. St. § 3296) provides that "whenever any person removes, or aids or abets in the removal of any distilled spirits on which the tax has not been paid. to a place other than the distillery warehouse provided by law, or conceals or aids in the concealment of any spirits so removed, or removes or aids or abets in the removal of any distilled spirits

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

from any distillery warehouse, or other warehouse for distilled spirits authorized by law. in any manner other than is provided by law, or conceals or aids in the concealment of any spirits so removed, he shall be liable" to certain penalties.

The two counts mentioned are based upon the first general division of this section, and a motion is made to quash these counts on the ground of duplicity, it being claimed that the removal and concealment of spirits as mentioned in the statute and according to the terms of the statute are distinct and independent offenses which cannot be properly joined in one count.

It will be noticed that the section of the statute in question contains two general divisions—1st, the removal of distilled spirits to a place other than the distillery warehouse provided by law, or the concealment of spirits so removed—2d, the removal of distilled spirits from a distillery warehouse or other warehouse authorized by law, in any manner other than is provided by law, or the concealment of spirits so removed. I have had some doubt whether each of these divisions of the section was not intended, on its face, to express substantially one offense. But I am not willing to rest the question absolutely on such a construction.

It is a general rule that a count in an indictment which charges two distinct, independent offenses is bad, and should be quashed on motion. 1 Whart. Cr. Law, § 382. A capital offense and a misdemeanor cannot be charged in the same count. U. S. v. Sharp [Case No. 16,265]. An indictment for forgery, stating two distinct offenses, as the forging of a mortgage and of a receipt indorsed thereon, and requiring different punishments, has been held bad. 1 Whart. Cr. Law, § 382. A count charging horse stealing and ordinary larceny, for which offenses different punishments are imposed, cannot be sustained. State v. Nelson, 8 N. H. 163. The general rule that the joinder of two or more distinct offenses in one count is not permitted, is elementary. The point of difficulty is what are two or more offenses within the rule.

There are certain exceptions to the rule in the case of particular offenses, as in burglary, adultery, &c., where the specific accusation includes an offense of an inferior degree. 1 Whart. Cr. Law, §§ 383, 384. But these are not material here.

Recognizing the rule on this subject as general and elementary, I find as the result of my examination of the numerous cases where the principle has been enforced, that the prevailing feature of these cases is, that the offenses charged in the same count, were either inherently repugnant. or so distinct that they could not be construed as different stages in one transaction, or involved different punishments. These I think are the main characteristics of the class of cases in which the rule is asserted. Green-

low v. State. 4 Humph. 25, 26; Com. v. Symonds, 2 Mass. 162, 163; U. S. v. Sharp [supra]; State v. Nelson, 8 N. H. 163; Miller v. State, 5 How. (Miss.) 250.

There is a class of cases, where, although offenses appear, by the use of the disjunctive in statutes declaring the offenses to be distinct and separate, it is nevertheless held that they are in effect but one offense and may be stated conjunctively, in one count. As where a person is charged with doing the thing which constitutes an offense, and causing it to be done, it being held that it is the same in law to cause a thing to be done as to do it. Bish. Cr. Proc. § 434. For example, to charge a person with falsely making, forging and counterfeiting, and with causing and procuring to be falsely made, forged and counterfeited, is not objectionable, although each of the acts may be stated in the disjunctive in the statute, because the whole is in law one offense. Rasnick v. Com., 2 Va. Cas. 356; State v. Hauseall, 2 Rice, Dig. 346; Mackey v. State, 3 Ohio St. 363; State v. Morton, 1 Williams [27 Vt.] 310. So a charge that the defendant administered and caused to be administered poison. Ben v. State, 22 Ala. 9. Of this class of cases is Com. v. Eaton, 15 Pick. 273, where it was held that although a statute forbade a person to sell or offer for sale a lottery ticket, it was proper to charge that the defendant offered for sale and sold such a ticket, for the reason that a sale, ex vi termini, includes an offer to sell, and there is actually but one offense. So in Com. v. Twitchell, 4 Cush. 74, where the statute imposed a penalty on any person who should set up or promote an exhibition without license, it was held that setting up and promoting, constituted one offense and could be alleged as such, conjunctively in one count. In this class of cases, the offenses though disjunctively stated in the statutes creating them, constitute essentially one offense, and as argued by counsel for defendant, they do not reach the precise point we have here.

Let us now go a step further. Mr. Bishop says (1 Cr. Proc. § 436) that if a statute declares "that the doing of this or that, or the other thing, shall subject the doer to a punishment which it specifies, plainly a man may incur the penalty by doing any one of the three things. And by doing the three things at different times and as separate transactions he incurs the penalty three times, and three times he may be punished. But suppose instead of this, he does the three things at once and as one transaction, the doctrine appears to be that he incurs the penalty but once, the same as though he had done only one of them. Whence we have the general proposition, that, subject perhaps to exceptions depending upon the peculiarities of cases and the particular language employed, if a statute forbids several things in the alternative, it thereby creates but one offense; and since the offense may be committed in different ways, distinguished in the statute from one another by the disjunctive 'or' or committed by combining more than one or all the ways in one transaction, an indictment upon the statute may, in a single count, charge the defendant with all the acts, using the copulative 'and' where the statute employs the disjunctive 'or.' "

Following this principle it has been held that a person may be indicted for the battery of two or more persons in the same count. Rex v. Benfield, 2 Burrows, 980, 984. "In felonies also, the indictment 'may charge the defendant in the same count with felonious acts with respect to several persons, as in robbery, with having assaulted A and B, and stolen from A one shilling and from B two shillings, if it was all one transaction." 1 Bish. Cr. Proc. § 437.

Wharton says (1 Cr. Law, § 390) "where a statute * * *. makes two or more distinct acts connected with the same transaction, indictable, each one of which may be considered as representing a stage in the same offense, it has in many cases been ruled they may be coupled in one count." "Setting up a gaming table, it has been said, may be an entire offense; keeping a gaming table and inducing others to bet upon it may also constitute a distinct offense; for either, unconnected with the other, an indictment will lie. Yet when both are perpetrated by the same person at the same time, they constitute but one offense, for which one count is sufficient, and for which but one penalty can be inflicted." Hinkle v. Com., 4 Dana, 518.

In the case of State v. Murphy, 47 Mo. 275, cited on the argument, it was held that "when a statute in one clause forbids several things, or creates several offenses in the alternative, which are not repugnant in their nature or penalty, the clause is treated in pleading as though it created but one offense, and they may be united conjunctively in one count." In the case of State v. Fletcher, 18 Mo. 425, a distinction is taken on this question between misdemeanors and felonies. A statute declared that no person should set up or use any gambling device for the purpose of gaming, &c. The count in the indictment charged that the defendant set up and used and permitted games of chance to be played on the gambling device. A motion to quash for duplicity was sustained at the circuit but overruled by the supreme court.

Our own supreme court in the case of Byrne v State, 12 Wis. 525, uses this language. "The rule is well settled where a statute makes either of two or more distinct acts, connected with the same general offense and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons or at

different times, they may, when committed by the same person at the same time be coupled in one count, as constituting altogether but one offense. In such case the several acts are considered as so many steps or stages in the same affair, and the offender may be indicted as for one combined act in violation of law; and proof of either of the acts mentioned in the statute and set forth in the indictment will sustain a conviction."

Now it is not to be denied that a person may violate the statute in question by simply removing distilled spirits on which the tax has not been paid, to a place other than the distillery warehouse, and without concealing the spirits. From the peculiar language of the statute, it would seem that to make a case of concealment there must have been a removal. Admit that the statute provides for two distinct acts, indictable separately and as distinct crimes where each shall have been committed by different persons or at different times, the question remains whether a count is double when it charges the commission of both acts by the same person as one transaction and at the same time. The words of the statute are "removes or conceals." For both the acts the same measure and kind of punishment are imposed. Are those acts inherently repugnant to each other, especially in the light of the language of the statute, "conceals or aids in the concealment of any spirits so removed?" Are the acts of such a character, that they cannot under the allegations of the indictment be construed as different stages in one transaction? I can have no doubt upon the point. The counts in question charge, that on a certain day, the defendants removed a certain quantity of distilled spirits from a certain distillery to a place other than a distillery warehouse, and did then and there conceal the spirits so removed. Here are two things, which were done at different times, and as separate transactions involve two penalties, but, when done as one transaction, the penalty is but once incurred as for one offense. There is a combination of the acts of removing the spirits and concealing the same spirits so removed. It has been said that there may be removal without concealment, which is true. It has also been said that concealment does not involve removal. But the words of the statute are "conceals any spirits so removed," which imply a removal and then concealment. So that the charge in the indictment may be regarded, if it were necessary, as a charge of concealment. But in this view it is contended that the charge should be that the defendants concealed spirits which had been removed to a place other than the distillery warehouse, &c.; thus first affirmatively alleging the concealment. But in the reasonable use and connection of words, it would seem that an allegation of removal of spirits on which the tax had not been paid, to a place other

than the distillery warehouse, and the concealment thereof is equivalent to alleging the concealment of spirits which had been removed, etc., and on which the tax had not been paid. My conclusion is that the first and second counts are not bad for duplicity.

Another objection urged to these counts is, that it is not alleged that the tax on the spirits removed was due, and owing. The allegation is, that the defendants removed certain distilled spirits on which "the tax then and there due and owing to the United States and required by law to be paid, had not been paid." It is conceded that if the words "which was" had been inserted before the words "then and there" the allegation would have been complete. It is alleged affirmatively that the tax had not been paid, and I think the reasonable construction of the sentence is that the tax was due and owing. In the case of U. S. v. Hesing [unreported] in the Northern district of Illinois, one of the overt acts charged in the indictment to have been done to effect the object of a conspiracy, was the unlawful removal of certain spirits to a place other than a distillery warehouse, upon which spirits the tax imposed by law had not been paid, and this, it would seem from the opinion of Judge Blodgett, was the whole allegation in relation to a tax due and unpaid. It was held that the indictment in all its parts, conformed to the requirements of the law in regard to what an indictment should contain.

I do not regard the objection well taken, that the time is not stated when the spirits mentioned in these counts were distilled. It is alleged that the tax on the spirits had not been paid; that they were removed from a distillery to a place other than a distillery warehouse. The time when the spirits were distilled is not material. The statute forbids the removal of any distilled spirits on which the tax has not been paid, to a place other than a distillery warehouse provided by law. It makes no allusion to the time or place when or where the spirits are distilled.

To the fourth count which is a count for conspiracy it is objected, that the overt acts charged are not alleged to have been done to effect the object of the conspiracy set forth in the count. The allegation is that the defendants "in execution and pursuance of and according to said conspiracy, combination and agreement had as aforesaid, did produce and distill," &c. The words of the statute are "and one or more of the parties do any act to effect the object of the conspiracy," &c. It is insisted that the pleader should have employed the precise words of the statute, "to effect the object of the conspiracy" instead of the words "in execution and pursuance of and according to said conspiracy," &c. A ruling upon this point such as is insisted on by counsel for defendant, would require unnecessary exact-

ness. While a particularity and clearness are required which will inform a defendant of the charge he has to meet. and the court of the offense claimed to have been committed, so that it may pronounce judgment if there be a conviction, the validity of indictments should not depend upon too great niceties of language. I do not understand that the exact words of the statute must be used, if their precise equivalent is expressed. The words "in execution and pursuance of" are equivalent in meaning to the words, "to effect the object of," as the respective definitions of the terms given by Webster, show. The case of U. S. v. Boyden [Case No. 14,632] was cited by the attorney for the United States on this point. It was there held, that "the overt acts need not be laid as having been done to effect the object' of the conspiracy, although these are the words of the statute; it is enough to say that they were done 'in pursuance' thereof. which are the usual words in conspiracy;" and Judge Lowell in his opinion refers to cases in New York, and a case in New Jersey, where the statutes require an act to be done to "effect the object" of the conspiracy and says indictments follow the more usual language, charging the acts as having been done "in pursuance of" the agreement.

Another, and the last objection to the fourth count is that the object of the alleged conspiracy is not stated with sufficient certainty. It is alleged in substance that the defendants intending to defraud the United States of large sums of money in respect of the taxes upon distilled spirits, on the 18th of December, 1874, conspired together by producing and distilling large quantities of distilled spirits; and to ship, transport and remove said distilled spirits from the distillery of Christian Guenther, and out of this collection district without payment of the tax and taxes required by law to be paid on distilled spirits to the United States; unlawfully to defraud the United States of the tax on said spirits; to cheat and defraud the said United States of divers large sums of money in respect of the taxes upon distilled spirits; and to commit divers offenses against the said United States and against the internal revenue laws thereof. Then followed the overt acts which relate solely to the production, distillation and removal without payment of the tax required to be paid by law, of certain quantities of distilled spirits at certain times. The objection is urged that the language of the count "to commit divers offenses against the said United States and against the internal revenue laws thereof," is too general, neither the time, place nor particular character of these offenses being stated. If this were the sole allegation in relation to the object of the conspiracy. clearly the count would be bad. For to simply allege the intent or object of a conspiracy to be to com-

mit divers offenses. without specifying any particular offense is repugnant to the elementary principles of criminal pleading. But here it is stated as an object of the alleged conspiracy. that the defendants conspired to defraud the United States of the tax on the spirits before mentioned, and of large sums of money in respect of the taxes upon distilled spirits. Here are specific, particular objects alleged. Does the further statement "and to commit divers offenses," etc., vitiate the count?

"The general rule is, that the charge must be laid in the indictment, so as to bring the case within the description of the offense as given in the statute, alleging distinctively all the essential requisites that constitute it." U. S. v. Staats, 8 How. [49 U. S.] 44. "All matters necessary to constitute the offense must be pleaded." U. S. v. Prescott [Case No. 16,084.] An indictment must set forth the particular facts and circumstances constituting the offense charged. Allen v. State, 5 Wis. 335; Fink v. Milwaukee, 17 Wis. 26; Com. v. Hunt, 4 Metc. (Mass.) 125. These are elementary principles. The allegations of the count wherein are set forth the particular purpose or object of the alleged conspiracy, namely, to defraud the United States of the tax on the spirits described, and to cheat and defraud the United States of divers large sums of money in respect of the taxes upon distilled spirits are beyond question sufficient. This, with the alleged overt acts following the conspiracy clause, points out with sufficient clearness the offense charged, so that the defendants can be advised of the nature of the offense, and prepare for trial. In Stoughton v. State, 2 Ohio St. 562, Judge Thurman holds the true rule, "that unreasonable strictness ought not to be required, and where an indictment clearly charges a crime and fairly advises the defendant what act of his is the subject of complaint, the principal object of pleading is attained. The highest degree of certainty is not required. Certainty to a common intent is sufficient." The statement of one of the objects of the conspiracy as being "to cheat and defraud the United States of divers large sums of money." is sanctioned by the precedents and by the highest authority. Whart. Prec. Ind. 638. We have then a count containing apt allegations covering a statutory offense, and then an added allegation of a further purpose of the alleged conspiracy, namely, "to commit divers offenses" without enumerating them. Does the whole count fall because of the insufficiency of the last mentioned averment?

In the case of U. S. v. Clark [Case No. 14,804], cited by defendant's counsel, the indictment charged one offense, perjury: and the entire charge failed because the indictment did not throughout allege the offense to have been committed in any court of the United States, nor in any deposition taken pursuant to its laws. There was a failure

to allege any offense whatever within the purview of any statute.

In Rex v. Fowle, 4 Car. & P. 592, the indictment simply charged the defendants with conspiring "to cheat and defraud the just and lawful creditors of W. F." That was all. There was no further statement of the conspiracy nor of any overt act, and the case is radically dissimilar to that at bar.

Hartmann v. Com., 5 Pa. St. 65, would be an authority supporting strongly the position of defendant's counsel, if no statutory offense, as the object of the conspiracy, were particularly set forth in the indictment.

The case of U. S. v. Bettilini [Case No. 14,587], also cited, is a strong authority to the point that an indictment should embrace "a certain description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted;" and upon this elementary principle there can be no controversy. As I have said, if this indictment simply charged a conspiracy to commit divers offenses against the United States and the internal revenue laws thereof, it would be unquestionably bad. No evidence can be permitted to be given under that allegation in this count. Why may it not be rejected as surplusage, when precise and specific offenses are previously alleged as among the purposes of the supposed conspiracy?

Mr. Bishop (1 Cr. Proc. § 497) says that "if an indictment is founded on a statute, and it contains allegations covering all the terms of the statute and making a complete offense, and then if it adds something by way of making the offense appear more enormous, the latter matter may be disregarded as mere surplusage." Again he says (section 480), "suppose there is matter in the indictment defectively alleged; yet if rejecting all this, enough remains to meet the requirements of the law, the indictment is good; the surplusage passes for naught." The case cited by counsel for the government, of Com. v. Bolkom, 3 Pick. 281, upon this question, seems to be in point. In that case, it was held that in an indictment charging an innholder with suffering persons "to play at cards and other unlawful games, the words 'unlawful games,' might be rejected as surplusage." In the case of Com. v. Arnold, 4 Pick. 251, where an indictment charged the defendant with permitting persons to play "at the game of cards," it was held that the words "the game" might be rejected. Of course where the rejection of an allegation would vitally impair the structure of an indictment, or render it meaningless, such allegation cannot be disregarded as surplusage. So where the averment is essentially descriptive of the sole offense charged, as in the case of U. S. v. Thomas [Case No. 16,473].

The motion to quash will be denied.

[For the trial on the indictment in which there was a verdict of guilty of conspiracy, and not guilty as to the first three counts in the indictment, see Case No. 15,902.]