UNITED STATES *v.* FERO.

(*District Court, E. D. Wisconsin.* December, 1883.)

1. INDICTMENT—PLEADING CLAIMED TO BE BAD FOR DUPLICITY—ALLEGING TWO OFFENSES UNDER ONE COUNT.

Recognizing the general rule that two distinct, independent offenses cannot be alleged in one count in an indictment, nevertheless it may occur in a given case that the two supposed offenses may be so regarded as successive acts in one transaction as to constitute really but one offense.

2. SAME—WHAT DEGREE OF EXACTNESS REQUIRED IN THE WORDING OF THE IN-
DICTMENT.

Unreasonable strictness in the wording of an indictment ought not to be re-
quired, and where the indictment clearly charges a crime, and fairly advises
the defendant what act of his is the subject of complaint, the principal object
of pleading is attained. The highest degree of certainty is not required; cer-
tainty to a common intent is sufficient.

*Stoughton* v. *State*, 2 Ohio St. 562.

3. SAME—CASE STATED.

The defendant was indicted and convicted for violation of section 5484 of
the Revised Statutes, providing that "every person who shall receive any
money or other valuable thing under a threat of informing, or as a considera-
tion for not informing, against any violation of any internal revenue law, shall,
on conviction thereof, be punished by a fine not exceeding two thousand dol-
lars, or by imprisonment not exceeding one year," etc. On a motion for arrest
of judgment on the ground that the information charging the violation of the
statute is bad for duplicity, in that it alleges that the defendant received money
"under a threat of informing, and as a consideration for not informing,"
against a party who had violated the revenue law, it being argued that two in-
dependent offenses are charged, that of receiving money "under a threat of
informing," and also receiving money as a consideration for not informing,
*held,* that in this case the two offenses as alleged should be regarded as suc-
cessive acts in one transaction, thus making really but one offense, and that
hence the pleading was good. Where a statute makes either of two or more
distinct acts connected with the same general offense, and subject to the same
measure and kind of punishment, indictable separately and as distinct crimes
when committed by different persons, or at different times, they may, when
committed by the same person at the same time, be coupled in one count as
constituting one offense.

*Byrne* v. *State*, 12 Wis. 577.

Motion in Arrest of Judgment.

*G. W. Hazelton,* for the United States.

*W. C. Williams* and *D. S. Wegg,* for defendant.

DYER, J. An exceptionally forcible and ingenious argument has
been made by counsel for the defendant in support of a motion in
arrest of judgment in this case. The motion is urged upon the ground
that the information, which charges a violation of section 5484 of
the Revised Statutes, is bad for duplicity and is otherwise insufficient.
The statute referred to provides that "every person who shall receive
any money or other valuable thing under a threat of informing, or as a
consideration for not informing, against any violation of any internal
revenue law, shall, on conviction thereof, be punished by a fine not
exceeding two thousand dollars, or by imprisonment not exceeding
one year, or both, at the discretion of the court, with costs of prose-
cution." The information charges that "on the twenty-seventh day
of October, in the year of our Lord one thousand eight hundred and
eighty-two, at Fond Du Lac county, in the eastern district of Wiscon-
sin, * * * Lewis N. Fero, late of said county, did wrongfully
accept and receive a sum of money, to-wit, five dollars in lawful cur-
rency of the United States, of and from one Matthias Bourgeois,
theretofore a brewer of said county, under a threat of informing, and
as a consideration for not informing, against the said Matthias Bour-
geois as a violator of the internal revenue law; that is to say, for not
reporting to some officer of the internal revenue bureau of the United

States that said Matthias Bourgeois had, while carrying on .the business of a brewer as aforesaid, disregarded and violated the internal revenue law applicable to said business, against, the form, force, and effect," etc.

1. It is contended—*First*, that section 5484 embraces two distinct and inconsistent offenses—distinct, because the receiving of money under a threat of informing constitutes one offense, and the receiving of money as a consideration for not informing constitutes another; inconsistent, because the one involves only the interests or rights of an individual, while the other involves the interests of the public. Upon this construction of the statute, the contention follows that as both of the alleged offenses are stated conjunctively in one count in the information, the pleading is bad for duplicity. In *U. S.* v. *Nunnemacher*, 7 Biss. 129, this court had occasion to review the authorities and to pass upon the question in a form somewhat analagous to that in which it here arises. Recognizing the general rule that two distinct, independent offenses cannot be alleged in one count in an indictment, it was there stated as the result of an examination of the cases where the principle had been enforced, that the prevailing feature of the cases is "that the offenses charged in the same count were either inherently repugnant or so distinct that they could not be construed as different stages in one transaction or did not involve different punishments." It is undoubtedly true that the circumstances of a case might be such as to make a person liable to the penalties of the statute for receiving money under a threat of informing as distinct from receiving it as a consideration for not informing, and *vice versa*. In other words, I do not deny that a transaction might be such as to make either one of those acts a distinct offense. But it does not necessarily follow as a conclusion from that premise that the two supposed offenses are inherently repugnant, or that they may not in a given case be regarded as successive acts in one transaction, and so constituting really but one offense. The threat of informing may be made, then, as a consideration for not informing, the money may be received, and thus each step in the transaction may be consistent with the consummation of a single offense. In such case it may well be said that the money is paid both under a threat of informing and as a consideration for not informing, and there is no inconsistency in the statement. Where a statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes when committed by different persons, or at different times, they may, when committed by the same person at the same time, be coupled in one count as constituting one offense. *Byrne* v. *State*, 12 Wis. 577. See, also, cases cited in *U. S.* v. *Nunnemacher, supra,* and 1 Bish. Crim. Proc. § 436. There can be no doubt that the transaction may be such as to make a case of receiving money both under a threat of informing and as a

consideration tor not informing, and if the acts of the party are so combined as to constitute a single transaction, but one offense is committed. Clearly, the information in this case must be construed as alleging such a transaction, and therefore as alleging a single offense. The allegation of the pleading, in substance, is, that on the twenty-seventh day of October, Lewis N. Fero did receive from Matthias Bourgeois five dollars, under a threat of informing, and as a consideration for not informing, against him. The time is fixed. A day is named. A single transaction is necessarily to be implied from the allegation. The meaning of the averment is that the threat was made; that the money was paid; that the consideration for the payment was that the defendant would not inform; and so it follows, as the necessary meaning and effect of the averment, that the money was paid both under a threat of informing and as a consideration for not informing, and that there was but one transaction, involving the commission of but one offense.

2. It is next insisted, in support of the motion, that the information is fatally defective in that it does not state what particular offense the defendant claimed Bourgeois had committed, and concerning which the defendant was not to give information as a consideration for the payment of the money to him; that the information simply charges that the money was paid as a consideration for not informing against Bourgeois *as a violator of the internal revenue law*, and that this is *too* general; in other words, that the particular provision of the law claimed to have been violated should have been specified. As suggested on the argument, I do not see why it does not result, as the logic of this point, that if Fero, in his transaction with Bourgeois, specified no particular offense committed by Bourgeois, or particular law violated by him, but simply made a general charge against him of violating the internal revenue law, then he committed no offense, although he threatened to inform against him, and received the money under such threat, and as a consideration for not informing. In this view, whether the act of the defendant would constitute an offense under the statute, would depend upon the particularity of his specifications against Bourgeois. Surely the law ought not to be so construed as to lead to such a result as that. For such a construction would be literally *reductio ad absurdum.* But it is said that if such generality of language as that the defendant charged Bourgeois with violating the internal revenue law, is allowed, the defendant could not plead his present conviction in bar of another prosecution for the same offense. It is not to be overlooked that the information charges that the offense was committed on a certain day, and specifies the payment of a certain sum of money, and it seems to the court that enough is alleged to identify the offense. In this class of cases certainty to a common intent is all that is required. In *Stoughton* v. *State*, 2 Ohio St. 562, the court held that "unreasonable strictness ought not to be required, and, where an indictment clearly charges a

crime, and fairly advises the defendant what act of his is the subject of complaint, the principal object of pleading is attained. The highest degree of certainty is not required. Certainty to a common intent is sufficient." Such certainty is attained when enough is alleged to clearly apprise the accused of the identical crime with which he is charged, so that he may be prepared to meet the accusation. It was argued that the words "*any* violation of *any* internal revenue law," contained in section 5484, indicate the necessity of particularity of averment with reference to the commission of an offense by a person who pays money to prevent being informed against; that those words denote a particular violation of a particular law. Where a particular offense had in fact been committed by such person, and its character was known or ascertainable, undoubtedly it would be better pleading to state the offense in the information or indictment. But, after all, it seems to the court that the construction which counsel thus place on this statute is rather more refined and hypercritical than sound. As before observed, if such a construction were to be sustained, it would seem logically to follow that if a person who receives money as a consideration for stifling a criminal prosecution, specifies in the transaction no particular violation of law against the person paying the money, then he would commit no offense under section 5484; and this view of the law the court cannot sanction.

3. The next objection to the information is that it does not state the time when the alleged offense of Bourgeois was committed; that it does not anywhere appear that he was carrying on the business of a brewer when the money was paid as a consideration for not informing against him, but only that he had been "theretofore a brewer." To establish the offense charged in the information, the court is not by any means prepared to admit that it is essential to show a violation of law by Bourgeois occurring within a period covered by the statute of limitations applicable to offenses under the internal revenue law or to show that he at any time committed such an offense. However that may be, it can certainly make no difference that Bourgeois was not a brewer at the time of his transaction with the defendant. If he had been previously a brewer, and had violated the law, he could be punished for such violation even after he had ceased to carry on that business, unless a prosecution was barred by some statutory period of limitation. And if we had to assume that he was guilty of on offense under the internal revenue law, in order to support a prosecution under section 5484, the presumption, I think, would be, until it otherwise appeared, that it was committed within a period fixed by law for instituting proceedings against him.

4. Lastly, it is urged that the information does not sufficiently allege a criminal intent. The allegation is that the defendant "did wrongfully accept and receive a sum of money," etc. Doubtless the averment would more nearly meet the requirements of criminal pleading if it specifically charged an evil and unlawful intent. But I am of

the opinion that, taking all the allegations of the information together, they sufficiently charge such intent. It was not necessary that the defendant should be charged with felonious intent, because the offense alleged against him is but a misdemeanor. Of course, the intent is a material ingredient of the offense; but the very act condemned by the statute involves unlawful intent. That is, if a person receives money from another *as a consideration* for not informing against a violation of law, he does an unlawful act; the intent must be unlawful, and is inseparable from the act. Now, it is here charged that the defendant did wrongfully accept and receive a sum of money from Matthias Bourgeois under a threat of informing, and as a consideration for not informing, against him as a violator of the internal revenue law. The very statement of the offense makes the intent sufficiently apparent.

Something was said on the argument about the vagueness of the information, wherein it alleges a threat by the defendant that he would inform against Bourgeois. The presumption is, as the threat is alleged, that it was verbal. If it appeared on the face of the pleading that the threat was in writing, then it would probably be necessary to set out the writing *in hæc verba*. But if it was verbal I do not know that it would be essential that the prosecutor allege the words spoken which constituted the threat. I regard the case at bar as quite different in principle from *U. S.* v. *Goggin*, 1 FED. REP. 49, cited on the argument. I must add, further, that I do not think the case is ruled by *U. S.* v. *Simmons*, 96 U. S. 360. That case illustrates the danger, in perhaps many instances, of charging an offense in the general language of the statute; because, in many cases, without more specific averments of fact than would be embraced in the words of the statute, the accused would not be apprised with reasonable certainty of the nature of the accusation against him. In *U. S.* v. *Simmons*, the defendant was charged with violating section 3266 of the Revised Statutes, in almost the very words of the section, and the count was held defective—*First*, because the name of the person was not given whom the defendant caused and procured to use the still; and, *secondly*, because it did not sufficiently appear that vinegar was manufactured or produced in the building and on the premises referred to at the time the still and other vessels were used for the purpose of distilling; it being held that these two facts must co-exist in order to constitute the statutory offense. Such fatal uncertainty of allegation does not, I think, exist in the pleading under consideration, although some of the language descriptive of the offense is rather general. And on the whole, it is the conclusion of the court that judgment of conviction may be legally rendered against the defendant on the verdict.