## UNITED STATES v. THOMAS.

(District Court, S. D. California. July 8, 1895.)

No. 742.

CRIMINAL LAW—INDICTMENT—REV. ST. § 5470.
  An indictment which charges that the defendant did aid in buying, receiving, and selling a draft, "knowing that said draft had been stolen and embezzled," is insufficient, under Rev. St. § 5470, which imposes a

penalty for aiding in buying or receiving articles of value stolen or embezzled from the mail, since it fails to allege any offense; the acts of stealing and embezzling being distinct, and inconsistent with each other.

This was an indictment against W. F. Thomas for violation of Rev. St. § 5470. The defendant demurred to the indictment.

George J. Denis, U. S. Atty., for the United States.

W. H. Shinn and Sam. Hamilton, for defendant.

WELLBORN, District Judge. Section 5470 of the Revised Statutes, which defendant is charged with violating, provides:

"Sec. 5470. Any person who shall buy, receive, or conceal, or aid in buying, receiving or concealing any note, bond, draft, * * * or any other article of value * * * knowing any such article or thing to have been stolen or embezzled from the mail, or out of any post office, branch post office, or other authorized depository for mail matter, or from any person having the custody thereof, shall be punished by a fine of not more than two thousand dollars and by imprisonment at hard labor for not more than five years."

The indictment charges that the defendant "did, knowingly, willfully, unlawfully, and feloniously, aid in buying, and receiving, and selling, a certain article of value, to wit, a draft, * * * knowing that said draft had been stolen and embezzled." Besides the general ground of demurrer that the indictment does not state facts sufficient to constitute an offense against the laws of the United States, it is specially objected that it is uncertain, for the reason that it cannot be determined therefrom whether the draft was stolen or embezzled. The case of U. S. v. Fero, 18 Fed. 901, cited on behalf of the government, is not directly in point, and, so far as it does apply, seems to sustain, rather than answer, the objection. That case holds that the general rule that a count in an indictment which charges two distinct offenses is bad does not apply to a case where the several acts charged, though enumerated in the statute as constituting distinct offenses, are consistent with each other, and appear to form parts of the same transaction. A careful study of the case shows that under the principle which it enunciates, if the offenses charged are either inherently repugnant, or so distinct that they could not be construed as different stages in one transaction, the pleading would be bad. In that case the statute under which the defendant was prosecuted enacted that "every person who shall receive any money or other valuable thing, under a threat of informing, or as a consideration for not informing, against any violation of any internal revenue law, shall, on conviction thereof, be punished," etc. The information charged that the defendant received money "under a threat of informing, and as a consideration for not informing," etc. The court, in holding the information not duplicitous, used the following language:

"There can be no doubt that the transaction may be such as to make a case of receiving money both under a threat of informing, and as a consideration for not informing, and, if the acts of the party are so combined as to constitute a single transaction, but one offense is committed. Clearly, the information in this case must be construed as alleging such a transaction, and therefore as alleging a single offense. The allegation of the pleading, in substance, is that on the 27th day of October, Lewis N. Fero did receive from Matthias Bourgeois five dollars, under a threat of informing, and as a

consideration for not informing, against him. The time is fixed. A day is named. A single transaction is necessarily to be implied from the allegation. The meaning of the averment is that the threat was made; that the money was paid; that the consideration for the payment was that the defendant would not inform; and so it follows, as the necessary meaning and effect of the averment, that the money was paid both under a threat of informing, and as a consideration for not informing, and that there was but one transaction, involving the commission of but one offense."

To the same effect is the ruling of the court in the case of U. S. v. Nunnemacher, 7 Biss. 131, Fed. Cas. No. 15,903,—one of the cases approvingly referred to in the case of U. S. v. Fero, supra. In the former of said cases, at page 134, the court quotes from a Missouri case as follows:

"When a statute, in one clause, forbids several things, or creates several offenses in the alternative, which are not repugnant in their nature or penalty, the clause is treated, in pleading, as though it created but one offense, and they may be united conjunctively in one count."

Thus it appears that the essential condition, upon which several things disjunctively forbidden in one clause of the statute may be conjunctively united in the same count, is that they are of such a nature that they may be considered as parts of the same transaction. This condition does not exist in the present case. The terms "theft" and "embezzlement" cannot characterize the same act, because they are repugnant to, and irreconcilable with, each other. The cases above cited, if not directly in point, are at least closely analogous to, and, I think, determinative of, the present case. It seems to me that an accurate statement of the objection to the indictment here is not that it is uncertain, or that it states in one count two offenses, but that it fails to state any offense whatever; that the crime sought to be charged is that the defendant aided in buying and selling a draft, knowing the same to have been stolen or embezzled, whereas the charge in the indictment is that the defendant knew that the draft was stolen and embezzled; and that this last allegation being the statement of a manifest impossibility, and therefore nugatory, the indictment fails to state an essential element of the offense sought to be charged. I am of opinion that the objection is well taken. The demurrer is sustained.