### E. D. BERRY v. THE STATE.

No. 7421.   Decided February 14, 1923.

Rehearing Denied March 21, 1923.

**1.—Manufacturing Liquor—Indictment—Words and Phrases.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the indictment followed approved precedent, the same was sufficient, and the objection that it did not use the word "unlawfully," and that the use of the words "directly and indirectly" rendered the same bad was untenable; besides an informal indictment must be attacked in limine. Following Smith v. State, 197 S. W. Rep., 589, and other cases.

**2.—Same—Indictment—Percentage of Alcohol.**

The point made against the indictment that it contains no averment as to the percentage of alcohol is not tenable. Following Estell v. State, 91 Texas Crim. Rep., 481, 240 S. W. Rep., 913, and other cases.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McLean, Scott & Sayers,* and *W. W. Walcorn,* for appellant.—
On question of sufficiency of indictment: Woolsey v. State, 14 Texas
Crim. App., 507; Morris v. State, 13 id., 72; Ex parte Gilmore, 228 S.
W. Rep., 199; Burciago v. State, 228, S. W. Rep., 562.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful man-
ufacture of intoxicating liquor; punishment fixed at confinement in the
penitentiary for a period of two years.

No bills of exceptions or statement of facts are found. No funda-
mental error has been pointed out or discovered.

The judgment is affirmed..

*Affirmed.*

ON REHEARING.

March 21, 1923.

MORROW, Presiding Judge.—The indictment charges that the ap-
pellant directly and indirectly manufactured intoxicating liquor.

No motion to quash the indictment or in arrest of judgment was
filed, but for the first time on appeal it is contended that the indict-
ment is bad because it does not use the word "unlawfully" in describ-
ing the offense. The statute makes it unlawful to transport intoxicating
liquor; but provides that the appellant may show by evidence that he
was transporting the liquor for one of the purposes permitted by the
statute, namely, for medicinal, mechanical, sacramental or scientific
purposes. (Acts of Thirty-seventh Legislature, 1st and 2d Called Ses-
sions, Chap. 61.) In other words, the statute makes the transportation
unlawful prima facie and instances in which it is permissive, defen-
sive. The statute, being in this form, it is believed that an indict-
ment omitting the word "unlawfully" is not subject to the attack di-
rected against it in the instant case. That is, if the omission of the
word "unlawfully" renders the indictment defective at all, it is not
such a defect as is available after verdict in the absence of a motion
to quash. It is true that a void indictment may be attacked at any
time, but an informal indictment must be attacked *in limine.* Smith
v. State, 81 Texas Crim. Rep., 535, 197 S. W. Rep., 589; Melley v.
State, No. 7185, recently decided; Osborne v. State, 93 Texas Crim.
Rep., 54, 245 S. W. Rep., 928.

The indictment charges that the appellant "did directly and in-
directly manufacture," etc. The claim that by the use of the words
"directly and indirectly" the indictment was rendered repugnant and
obnoxious to the rule requiring certainty we think is not sound. If
the words "directly and indirectly" which are contained in the stat-
ute each refer to a different offense, then the most that could be said

against the indictment upon that ground would be that it was duplicitous in that it charged that the appellant manufactured liquor both directly and indirectly. A duplicitous indictment is not bad except against a motion to quash. See Melley v. State, supra. We are inclined, however, to the opinion that the words "directly and indirectly" add nothing to the statute; and the averment charging the unlawful manufacture of intoxicating liquor would be sustained by proof that the manufacture was either by direct or indirect means. In other words, it would be sustained by proof that the accused was either manufacturing the liquor himself or that his connection therewith was such as to bring him within the statute defining a principal offender.

The point made against the indictment in question that it contains no averment as to the percentage of alcohol is not tenable. This court has so held on several occasions. Estell v. State, 91 Texas Crim. Rep., 481, 240 S. W. Rep., 913; Travino v. State, 92 Texas Crim. Rep., 140, 242 S. W. Rep., 241.

. The motion for rehearing is overruled.

*Overruled.*