# MARCH, 1924.

W. A. SHEFFIELD, ALIAS CLYDE SHEFFIELD V. THE STATE.

No. 8032.   Delivered March 12, 1924.

Rehearing denied Jan. 28, 1925.

**1.—Transporting Intoxicating Liquor—Evidence—Res Gestae.**

A conversation between the District Attorney of Tarrant County and the driver of a truck containing appellant's whisky, which took place in the presence of the appellant, was properly admitted as res gestae of the transportation.

**2.—Same—Circumstantial Evidence—Charge on—Properly Refused.**

A truck driver had two trunks containing whisky belonging to appellant on his truck and was hauling same, appellant accompanying him, when apprehended by the District Attorney.   Under these facts the court properly refused a charge on circumstantial evidence.

ON REHEARING.

**3.—Same—Indictment—Sufficiency of.**

The indictment charges that appellant "directly and indirectly transported the liquor in question.   He insists that the words "directly" and "indirectly" presents two such contradictory terms, as to make an indictment

charging both of them obnoxious to the rules when presented in the same count. We cannot agree with this contention. When the difinition of one offense, in the statute embraces several ways in which same may be committed, all punishable alike, these several ways may be charged conjunctively in the same count in an indictment. See Todd v. State, 229 S. W. 515.

ON REHEARING

**4.—Same—Principal Offenders—Who Are.**

One is a principal offender, under Art. 77 of our P. C. who employs an innocent agent to commit an offense, and those things which make one a principal offender need not be set out in detail in the indictment. It may be charged that the offense was committed in ordinary form, as though the accused was the only actor, and such an indictment would be good upon proof that the accused was a principal under any of the various phases of the law of principals. It is not incumbent upon the state to set out those things would constitute.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

*McLean, Scott & Sayers,* of Ft. Worth, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Tarrant county of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant gave to a transfer man in Fort Worth two checks for trunks and directed him to follow him with the trunks and deliver them at the place to which appellant should go. He then drove in a southeasterly direction from the city of Fort Worth closely followed by the truck carrying the two trunks in question. Appellant was stopped by the district attorney of Tarrant county and a search made of his car. Immediately following this search he was asked by said attorney relative to the contents of the trunks on said truck and replied that there was whisky in same. Upon a later examination of the contents of the trunks the truth of this statement of appellant was verified. His prosecution and conviction followed.

Four bills of exception appear in the record. Complaint of a conversation had between the district attorney and the driver of the truck is without merit. The bill relating thereto shows that appellant was present and heard the conversation, which we believe to be part of the *res gestae* of the transportation charged. There is nothing in the complaint made of the definition of the term "transport" as same appears in the charge given by the learned trial judge.

Nor do we think the record to exhibit any failure to support the charge as laid. Appellant was in personal possession and control of the

checks for the trunks which contained the liquor in question, delivered the checks of the truck driver (who was in ignorance of the contents of the trunks), directed the truck driver where to take said trunks, and was in his car in the road immediately preceding the truck on which were the trunks, when stopped by the district attorney and the contents of the trunks ascertained. We have no doubt that this makes the transportation of said trunks of liquor, the act of the appellant. Under a number of definitions of principal offender as laid down in our statute appellant would be a principal in the crime charged.

Nor do we think error appears in the refusal of the court to charge on circumstantial evidence. Appellant was present accompanying and directing the carriage of the liquor by the truck driver who had same by direct order and command of appellant.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

LATTIMORE, JUDGE.—Appellant urges that the allegations in the indictment that he "directly and indirectly transported," the liquor in question,—vitiates the indictment by charging two inconsistent ways of violating the law. He insists that the words "directly" and "indi-. rectly" present two such contradictory terms as to make an indictment charging both of them obnoxious to the rules when presented in the same count. We held in Berry v. State, 249 S. W. Rep., 223, such an indictment to sufficiently charge the offense. Appellant cites United States v. Thomas, 69 Fed., 588; State v. Adams, 78 S. W. (Mo.) 588; State v. Burke, 176 S. W. (Mo.) 487, and Moore v. State, 203 S. W. Rep., 51. We think appellant misapprehends the effect of the decisions cited. As we understand them they present the same principle discussed at length by us in Todd v. State, 229 S. W. 515. The cases cited are in accord with Todd's case on the proposition that where a number of acts are named in a statute as separate offenses they can not be placed in one count and connected by the conjunction "and," for this makes the count duplicitous. We quote from the Burke case cited:

"So that it cannot be said that the statute undertakes to punish as for but one offense that which might be committed in different modes. If it were, then that one offense could be charged in one count with the various ways specified in which that offense could be committed. State v. Fancher, 71 Mo. 460. Neither does the statute forbid several things in the alternative, so that it can be treated in criminal pleadings as dealing with but one offense, whereby all of the things forbidden may be charged conjunctively in one count."

99 Tex. Crim.—7.

This says in very plain language that if a statute defining one offense contain different ways of committing it, they may be all stated conjunctively in the same court. We expressed the same view in Todd's case, supra, in which we said:

"When the definition of one offense in the statute embraces several ways in which same may be committed, all punishable alike, these several ways may be charged conjunctively in the same count in an indictment."

That there is a vast difference between stating conjunctively the different means of committing one offense; and the stating of separate offenses conjunctively in the same count, is so plain as to not need extended discussion. The holdings of this court seem to be uniform upon the proposition that one may state different means of committing the same offense conjunctively without offending against the rules.

An allegation that accused did the thing violative of law by himself and as agent of another, is held not repugnant or duplicitous. Stevens v. State, 70 Texas Crim. Rep., 567. That one may allege an assault of any grade by the use of wholly variant means conjunctively stated, has been upheld too often to need citation of authorities. We might add in this connection that many cases might be cited in which we have upheld indictments for violation of the liquor laws which entirely omitted to state whether the transportation was "directly" or "indirectly," and in our opinion it is not necessary to the validity of the indictment to use said words. Benson v. State, 254 S. W. Rep., 794; Tucker v. State, 251 S. W. Rep., 1090; Berry v. State, supra. If we be correct in this, then the use of either or both said words would be but surplusage and might be rejected. The uniform rule is that the use of a word or words, if same be surplusage, does not vitiate the indictment.

It is insisted both in the oral and written arguments in support of this motion that inasmuch as it appears that if guilty at all, it was by reason of appellant having employed another to commit the offense. therefore the indictment failing to so allege would not be sufficient to put appellant upon notice of the charge against him. As stated in the original opinion, appellant employed a truckman to convey trunks containing liquor and same while in transit on the truck were accompanied by appellant in his own car and this condition existed at the time of his apprehension. One is a principal offender under Art. 77 of our P. C. who employs an innocent agent to commit an offense, which proposition has recently been discussed at length in Houston v. State, opinion handed down November 15, 1924. Under Art. 78, P. C., he is a principal who having advised and agreed to the commission of an offense is present when same is committed. Kemp v. State, 256 S. W. Rep., 264. Appellant would seem to be a principal under either or both phases of the statute. Numerous authorities are collated in Sec. 676 of Mr. Branch's Annotated P. C., sustaining the proposition

that those things which make one a principal need not be set out in detail in the indictment. It may be charged that the offense was committed in ordinary form as though the accused was the only actor, and such an indictment would be good upon proof that the accused was a principal under any of the various phases of the law of principals. We do not think it incumbent upon the State to undertake to set out in the instant case those things which would make appellant a principal, and believe the indictment to be sufficient.

Regretting our inability to agree with appellant, the motion for rehearing will be overruled.

*Overruled.*