JEFFORD v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
March 19, 1929.

No. 8344.

A. B. Irvine, of Salt Lake City, Utah (D. A. Skeen and Sam D. Thurman, both of Salt Lake City, Utah; on the brief), for appellant.

Edward M. Morrissey, Asst. U. S. Atty., of Salt Lake City, Utah (Charles M. Morris,

U. S. Atty., and J. K. Smith, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for the United States.

Before LEWIS, Circuit Judge, and WOODROUGH and McDERMOTT, District Judges.

WOODROUGH, District Judge. Appellant was convicted for violation of section 250, title 18, USCA, in that he received the sum of $50 from one Angelo Fontano, an habitual liquor law violator, as a consideration for not informing against the said Angelo Fontano as a violator of a law of the United States; that is to say, for not reporting to the proper enforcement officer of the United States that the said Angelo Fontano had violated, and was then and there violating, the National Prohibition Act, etc.

It is undisputed that the said Fontano did pay the accused the sum of $50 in the place of business owned by Fontano, called the Venice Club. It was marked money, paid in the presence of two prohibition officers conveniently concealed to watch the transaction, and taken by them from appellant's pocket almost immediately afterwards. But there was flat contradiction as to what the money was paid for. Fontano testified: That appellant demanded $75 "for his protection." That the answer was "I have got $50 for you; $25 I give you in the morning." That thereupon the $50 was handed over, and that appellant said "right there, this is for protection, the federal officers or the county; this money is for your protection and I will let you know any time the federal come up here or the county come up here."

On the other hand, the testimony for the appellant was to the effect that he had advanced $50 to Fontano on the day previous to enable Fontano to cash the pay check of a miner, upon the understanding with Fontano that repayment was to be made on the day following, and that the money was so repaid by Fontano. The accused was corroborated as to this advancement of $50 by a witness who testified on the trial in appellant's behalf that he saw the loan made in that amount by the appellant for the purpose of enabling Fontano to cash a check, and this witness gave the amount of the check cashed as forty some dollars.

■ In support of an application for continuance, the appellant swore that there were two other witnesses to the $50 loan made by him to Fontano, and to the cashing of the check therewith, as well as to the understanding about repayment on the next day; that he had been unable, in spite of due diligence, to produce these witnesses in the 30-day period between the indictment and trial, but had good grounds to believe he could do so within a reasonable time. The prosecutor agreed that it should be stipulated on the trial that the witnesses, if present, would testify as claimed. The continuance was denied, and that part of appellant's affidavit was read on the trial as the testimony which the witnesses would have given if present. The refusal of the court to grant a continuance is assigned as error, and the argument on the point has compelled careful consideration. But we are not persuaded that there was abuse of discretion. Although the appellant was indicted only 30 days before the trial, he had been arrested for the alleged offense 5 months before, and the testimony referred to in his application for continuance was cumulative of that given by himself and the other witness present and testifying on his behalf at the trial. The matter of granting or refusing continuance was therefore well within the discretion of the trial court.

■ The appellant attacks the indictment on the ground that it fails to charge that the accused had any knowledge that Fontano had violated or contemplated violating any law of the United States. The statute, so far as applicable, reads: Section 250 (Criminal Code, § 145): "Whoever * * * as a consideration for not informing against any violation of any law of the United States, demands or receives any money * * * shall be fined," etc.

We agree with the statement of the Circuit Court of Appeals of the Ninth Circuit in Roberts v. United States, 248 F. 877: "The purpose of the statute is clearly to make it an offense for any person to demand or receive money or other valuable thing for threatening to inform, or as a consideration for not informing, against any violation of any law of the United States. It has been held that it is not necessary to state what particular law has been violated by the person threatened (United States v. Fero [D. C.] 18 F. 901, 904); and surely, if it is not necessary to state what particular law has been violated by the person threatened, it is not necessary to allege and prove that the victim has actually violated a particular law of the United States. Nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion."

Although this was said in a case where the extortion was accomplished by specific threats, it applies equally where, as in this indictment, no such threats are set out, but the corrupt receiving of money as a consideration for not informing is charged. We hold the indictment sufficient.

■ An able argument is made in support of the contention that the evidence was insufficient to support the conviction. Careful analysis does disclose discrepancies, sharp conflicts, and the possibility of a different outcome to the trial. The trial court, however, instructed as to the "protection" for which Fontano said he paid appellant the $50 in money as follows:

"Witnesses for the government testified that the word 'protection' was used by one or the other at the time the money was received from the witness Fontano by the defendant. It is for you, under all the facts and circumstances in evidence before you, to determine what was meant by the word 'protection,' if it was in fact used, in the conversation between the defendant and the witness Fontano.

"In order to convict the defendant, you must find beyond all reasonable doubt, not only that the money in question was paid, but that it was paid for protection, and in addition you must be satisfied beyond all reasonable doubt that by 'protection,' if in fact that word was used, the defendant and the witness Fontano meant that the money was paid by Fontano and received by the defendant upon the understanding that the defendant would not inform the proper prohibition enforcement officer of any violation of the prohibition law by the said Fontano.

"Whatever else the word 'protection' may mean in the parlance of the law violators, to convict the defendant in this case you must be satisfied beyond all reasonable doubt that it meant, if used, that the money was paid by Fontano and received by the defendant on the understanding that the defendant would not inform the proper prohibition enforcement officer of any violation by Fontano of the National Prohibition Act at his place of business in Park City."

These carefully worded instructions, together with those regarding the proof of the good reputation of the accused, the presumption of innocence, and the burden to be sustained by the government, satisfy that the jury was fully informed of its duty in the face of the conflicting statements made by the witnesses. It found the accused guilty; that is to say, that the money was paid by Fontano, a constant violator of the liquor laws, in his Venice Club place of business, and there received by the defendant on the understanding that the defendant would not inform the proper prohibition enforcement officer of any violation by Fontano of the National Prohibition Act. Such was the import which could fairly be inferred from Fontano's testimony, and, though the prohibition officers who were in hiding do not corroborate Fontano's version of the conversation had with appellant, they do swear to the use of the word "protection" in the conversation. They ascribe the use of the word to Fontano, not to the appellant; but the truth as to the understanding was for the jury to determine.

In the case of Farkas v. U. S. (C. C. A.) 2 F.(2d) 645, it was apparent to the court that the word "protection," as it had been used in that case by certain witnesses, involved the not informing proper officials concerning violations of the law of the United States, past and future. We cannot say that the jury was not justified in finding that meaning to have been involved in it in this case. Without discussing the minutiæ of the evidence, we hold that there was sufficient to sustain the conviction.

■ Certain colloquy between the court and the prosecuting attorney is complained of. It developed from a question propounded to Fontano by the prosecutor concerning conversations with the accused back in 1922. The question struck the court as referring to a time too remote. The prosecutor explained that, "if he (Fontano) will so testify," the questions were intended to develop a continuing understanding between Fontano and the accused. The court inquired: "You don't claim, do you, that the evidence is insufficient as you have produced to make out a case, without bolstering it up with something that happened years ago?" The prosecutor: "I realize it is going back quite a ways; there may not be sufficient evidence to show what was going on." The court: "I think you had better stick to the case." The court also said: "I think that counsel on either side have a right to make a statement of what they want to prove; otherwise, the court would not be in a position to pass upon it. I think this jury, with as many cases as have been tried, and as we have discussed what is necessary to convict in a criminal case, if they don't know enough to know that a discussion between counsel and the court is not evidence in the case, I don't need to tell them." There was no prejudice to any right of the accused by reason of the colloquy.

Having considered each of the assignments of error, it appeared that on the whole case there is no error to justify reversal. The judgment of the trial court is therefore affirmed.