THE STATE V. WHITTED.

1. An indictment, charging the defendant with selling spirituous liquors, to wit: rum, brandy, whiskey and gin, in less quantities than one quart, without having first obtained a license, is good.

Question referred by the Circuit Court of Wilcox county, as novel and difficult.

THE defendant was indicted for retailing, and convicted on an indictment charging the offence, in selling spirituous liquors, to wit: rum, brandy, whiskey and gin, in less quantities than one quart, to one James Gamble, and divers other persons, without first having obtained a licence from the County Court of Wilcox county, for that purpose.

It was moved in arrest of judgment:

1. That no offence is charged in the indictment.

2. Because the statute defining the offence, is not strictly pursued.

3. Because the defendant is charged with four distinct offences in the same count.

The Circuit Court overruled the motion in arrest of judgment, but considering the questions as novel and difficult; reserved the same for the consideration of this Court.

THE ATTORNEY GENERAL, for the State.

PECK, contra, cited The State v. Raiford, 7 Porter, 101.

GOLDTHWAITE, J.—The form pursued in this indictment, has been in use from the first organization of the State, and therefore, it is not improbable that this precise question has been made and decided upon every circuit in South Alabama, for the last twenty years; but notwithstanding the universality of this precedent, we are now called on to decide it as a novel and difficult question.

On the merits of the question referred, it may be said that the selling of any of the liquors named, would be an offence; but there is no more reason why an offender should be indicted

separately for each, than there would to charge a thief, who had stolen a suit of clothes, in separate counts for the coat, waistcoat, &c.

Let the judgment be affirmed, and certified to the Circuit Court as free from error.