## Thomas Blemer, alias, etc.

### *v.*

### The People of the State of Illinois.

1. Criminal law—*illegal steps before finding indictment.* Illegal steps taken, or even oppression, by the prosecution, anterior to the finding of the indictment, in no way affecting the fairness of the trial, can not be urged to set aside a conviction fully warranted by the evidence under the law of the case.

2. Where, during the progress of the trial of one indicted, the State's attorney entered a *nolle prosequi*, and the defendant, on the State's attorney's motion, entered into recognizance for his appearance on the first

day of the next term, and from day to day thereafter, to answer to any indictment that might be preferred, and was discharged, and on the same day the judge ordered the summoning of a special grand jury, and issued his warrant for the arrest of the defendant, and on the return of an indictment, placed the defendant upon trial against his objection, and refusing to continue the case, it was *held*, that these acts furnished no ground of reversing a judgment of conviction, there being no other cause for a continuance shown.

3.  JURY—*special venire in criminal case.* Where it appeared, by stipulation in a criminal case, that, there being no jury in attendance on court summoned according to law, it was ordered that a special *venire* issue for a petit jury to try the case, and that on such *venire* the jury were summoned who tried the case, to which order the defendant excepted: *Held,* that if the stipulation stated the fact, the precise contingency contemplated by the statute to authorize the impanelling of a special jury existed, and there was no error.

4.  INDICTMENT—*obtaining money by game or device by the use of cards.* An indictment charging that the defendant, "by a certain game or device by the use of cards, did unlawfully, feloniously and fraudulently obtain of one J. A. thirty four-dollar bank bills, current money of the Dominion of Canada, value four dollars each, the property of," etc., is good.

5.  SAME—*using the word "or," as in the statute.* The rule is, where the word "or" in a statute is used in the sense of "to-wit," that is, in explanation of what precedes, and making it signify the same thing, an indictment is well framed which adopts the words of the statute.

6.  SAME—*where the disjunctive should be charged conjunctively.* Where a statute forbids several things in the alternative, it is usually construed as creating but a single offense, and the indictment may charge the defendant with committing *all* the acts, using the conjunction "*and*" where the statute uses the disjunctive "*or.*"

7.  CRIMINAL LAW—*statute construed.* The words game, device, sleight-of-hand, trick, etc., in sec. 100, division 1st, of the Criminal Code of 1874, allude directly to and are qualified by the words "use of cards," and are intended to describe, in different words, the same thing. The gist of the offense is the obtaining of property by the fraudulent use of cards, the details by which this is effected being unimportant.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an indictment against the plaintiff in error. The first count charged that the defendant, "on, etc., at, etc., by a certain game or device by the use of cards, did unlawfully,

feloniously and fraudulently obtain of James Armstrong thirty four-dollar bank bills, current money of the Dominion of Canada, of value of four dollars each, thirty four-dollar bank notes, current money of Canada, of value of four dollars each, thirty four-dollar bank notes of the Merchants' Bank of Canada, valued at four dollars each, current money in Dominion of Canada, five dollar current bank notes of Canada money, of value of five dollars each, one ten dollar current bank bill, Canada money, of value of ten dollars, one hundred and twenty dollars in bank notes and current bank bills of the current money of the Dominion of Canada, of divers issues and denominations to the grand jurors unknown, of value of one hundred and thirty dollars, the property of said Armstrong, contrary," etc.

The second count charged that the defendant, on, etc., at, etc., "by a certain game, device or trick, by the use of cards and other implements, did then and there unlawfully, feloniously and fraudulently obtain of and from the said James Armstrong the moneys and personal property aforesaid, of the value aforesaid, of the money and personal property of the said James Armstrong, contrary to the statute," etc.

The third count charged that the defendant, on, etc., at, etc., "by a certain game, device, sleight-of-hand, or trick, by the use of cards and other implements and instruments, the names and descriptions of which are to the grand jurors aforesaid unknown, did then and there unlawfully, feloniously and fraudulently obtain of and from the said James Armstrong the money and personal property aforesaid, of value aforesaid, the money and personal property of the said James Armstrong, contrary," etc.

Mr. JOHN LYLE KING, for the plaintiff in error.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant and one Lee having been indicted for feloniously and fraudulently obtaining from James Armstrong, by the

· game of "three card monte," certain bank bills, etc., were, on the 16th of September, 1874, placed on trial therefor, before · a jury, in the criminal court of Cook county; and after the . trial had progressed some time, but before the case was finally submitted to the jury, the State's attorney entered a *nolle prosequi.* Thereupon, on motion of the State's attorney, the · defendants, severally, entered into recognizance in open court, with sureties, in $2000, for their appearance on the first day of the next term of court, and, from day to day thereafter, to answer to any indictment that might be preferred against them, etc.; and the defendants were then released from custody.

It appears, by stipulation in the record, that, on the same day, on motion of the State's attorney, because, as alleged by . him, the prosecuting witness had been in jail two weeks, and lived in Manitoba, 1000 miles away, and was anxious to depart for home, and the court believing that the interests of public justice required that a grand jury should be impanelled as soon as practicable, it was then ordered that a special *venire* issue to the sheriff to summon twenty-three grand jurors to attend the next morning; that on the same day there was pre-.sented to the judge of the court the complaint, on oath, of James Armstrong, charging that appellant, Lee, and another person whose name was unknown, fraudulently obtained from him money by means of a device by use of cards, upon which the judge issued his warrant, and the .accused were arrested and imprisoned.

On the next day, the 17th of September, the grand jury previously ordered were impanelled, and soon thereafter returned into court the indictment on which appellant was tried and convicted. The warrant previously issued by the judge for the arrest of appellant and others was then indorsed by the judge: "These parties having been indicted for the ·same offense, and arrested, this warrant is dismissed."

After the return of the indictment, and on the same day, the parties were arraigned and required to proceed to

trial. Motion was made in their behalf, but overruled by the court, that they be discharged by reason of their having given recognizance. A motion was then made for the continuance of the case until the next term, because of their having entered into recognizance, and because the action of the judge in causing their arrest was illegal. This was also overruled by the court. Proper exceptions having been taken to these rulings, it is now argued they constitute such error as renders illegal the conviction of appellant.

We do not think the authorities cited by appellant's counsel are in point. None of them assert that illegal steps taken, or even oppression by the prosecution anterior to the finding of the indictment, in no way affecting the fairness of the trial, can be urged to set aside a conviction fully warranted by the evidence, under the law. There is nothing in the record to show that appellant was not as completely prepared for trial, when he was tried, as he could have been had the case been postponed to any future time; nor is it shown that the circumstance of his having entered into recognizance for his appearance at the next term of the court, and his arrest on the warrant issued by the judge, in the slightest degree prejudiced him on his trial. The subsequent arrest of appellant, doubtless, discharged the recognizance into which he had entered (*People* v. *Stager*, 10 Wendell, 431); provided, however, that it was for the same offense; but not if it was for a different one. *State* v. *Shaw*, 4 Ind. 428. Cases might also exist where, by oppressive preliminary proceedings, officers would be liable to be punished for their conduct; and if it should be shown that, by reason thereof, the accused had been deprived of the means of proving some substantial defense which he would otherwise have been able to have proved, he would be entitled to a continuance. But, however improper the preliminary proceedings may have been, if the accused is in nowise prejudiced on his final trial thereby, his grievances can not be heard to affect the validity of his conviction.

The following stipulation is in the record with regard to the impanelling of the jury before whom appellant was tried:

"That on said 17th of September there was, and had been on and from the commencement of the September term, a panel of thirty jurors, summoned by special *venire* and not drawn, which panel remained in attendance in court until the 19th of September, when it was discharged; that on the 17th of September the case was passed, on motion of defendants, until the 18th of September; that on the 17th of September, on motion of the State's attorney, and in the absence of defendants and their counsel, for the reason that there was no jury in attendance on court summoned in the manner required by law, and for the reason that twelve of the panel had heard the evidence on the previous partial trial, it was ordered that a special *venire* issue for a petit jury to try the case, and on such *venire* came the jurors summoned by the sheriff, who were impanelled and tried the cause—to which order defendants excepted."

The objection urged is, that the panel was already full, and the contingency did not exist which authorized the court to direct the sheriff to fill the panel, as provided by section 12, chapter 78, of the Revised Statutes of 1874. The clause in the section referred to, bearing upon the question, is as follows: "In case a jury shall be required in such court for trial of any cause, before the panel shall be filled in the manner herein provided, the court shall direct the sheriff to summon from the bystanders, or from the body of the county, a sufficient number of persons having the qualifications of jurors, as provided in this act, to fill the panel, in order that a jury to try such case may be drawn therefrom; and when such jury is drawn, the persons selected from the bystanders, or from the body of the county, and not chosen on the jury, shall be discharged from the panel, and those who shall be chosen to serve on such jury shall also be discharged from the panel at the conclusion of the trial."

We must accept the stipulation as the parties have made it. By it, the *venire* was issued "for the reason that there was no jury in attendance on court summoned in the manner required by law. A jury was required to try this case, and thus the precise contingency contemplated by the statute to authorize the impanelling of a special jury existed. It would seem that we would scarcely be warranted in holding that the panel had been previously legally filled, when it is stipulated in the record, as a fact not to be controverted, that it had not been.

It is also insisted that the court erred in overruling the motion to quash the indictment.

The objection taken to the first count is, it charges "that, by a certain game or device by the use of cards, they did," etc., whereas, it is argued, the "device" referred to in the statute is distinct from its antecedent word, "game," etc.

The language of the statute is, "Whoever, by the game of 'three card monte,' so-called, or any other game, device, sleight-of-hand, pretensions to fortune telling, trick, or other means whatever, by use of cards, or other implements or instruments, fraudulently obtains from another person property of any description, shall be punished," etc. Revised Statutes of 1874, chapter 38, division 1st, section 100.

We are of opinion that the words "game," "device," etc., here allude directly to and are qualified by the words "use of cards," and that they are intended to describe, in different words, the same thing. The meaning would be precisely the same, in our opinion, if the phraseology were thus : "or any other game, that is to say, device, sleight-of-hand, pretensions to fortune telling, trick, or other means whatever, by the use of cards," etc., "fraudulently obtains from another," etc. Tho rule is, when the word "or," in a statute, is used in the sense of "to-wit," that is, in explanation of what precedes, and making it signify the same thing, an indictment is well framed which adopts the words of the statute. *Commonwealth* v. *Grey*, 2 Gray, 501; *Brown* v. *Commonwealth*, 8 Mass. 59.

The gist of the offense charged is, the obtaining of property by the fraudulent use of cards, and the details of the particular process by which it was done, and the name applied to it, were unimportant.

If we are correct in the view taken of the first count, the objection urged against the other counts can not be sustained. Where a statute forbids several things in the alternative, it is usually construed as creating but a single offense, and the indictment may charge the defendant with committing all the acts, using the conjunction "and" where the statute uses the disjunctive "or." 1 Bishop's Criminal Procedure, 819; *State* v. *Whitted,* 3 Ala. 102; *Ray* v. *Bowen,* 1 Dev. C. C. 22; *The People* v. *Adams,* 17 Wend. 475.

The remaining errors assigned relate to the sufficiency of the evidence to sustain the verdict, and the giving and refusal of instructions. We are not inclined to disturb the judgment on either of these grounds. The instructions, as a whole, fairly presented the law to the jury, and the evidence is sufficient to authorize the verdict as returned. The questions raised in this respect are such that their discussion at length in this opinion could subserve no useful purpose in the future, and it will therefore be omitted.

Perceiving no substantial error in the record, the judgment is affirmed.

*Judgment affirmed.*