## The City of Chicago, Defendant in Error, v. Henry Hiltwein, Plaintiff in Error.

### Gen. No. 15,669.

1. PLEADING—*form of indictment where ordinance or statute forbids an alternative.* In this case the court quotes with approval the holding in Blemer v. People, 76 Ill. 265: "Where a statute forbids several things in the alternative, it is usually construed as creating but a single offense, and the indictment may charge the defendant with committing all the acts, using the conjunction *and* where the statute uses the disjunction *or.*"

2. ORDINANCES—*when conviction of producing memorandum not result of actual weighing sustained.* *Held*, that the conviction in this case which was for the violation of an ordinance prohibiting, among other things, the producing of "a false and fraudulent memorandum which was not the result of an actual weighing of the produce" delivered, was proper, and that the instructions given were not prejudicial.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 13, 1911.

ROBERT H. STOLL, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error was prosecuted for making a delivery of a load of oats in the city of Chicago, having in his possession and producing "a false and fraudulent memorandum which was not the result of an actual weighing of the produce so delivered," in violation of an ordinance passed June 8, 1908, of the Revised Municipal Code of Chicago. He was found guilty and fined fifty dollars.

The evidence and agreed statement of facts submitted to the jury showed that Hiltwein on the day

in question had his load of oats weighed at the C. M. & St. P. railway tracks, and received a ticket from the weigher. He then drove to his employers' place and handed in said ticket, and his employers issued him another ticket on their stationery, showing the same weight to be delivered to the purchaser, but this ticket Hiltwein did not take with him. On his way to make the delivery he recalled that he had left the ticket. He said, "Of course I had been in a couple of saloons and had a few drinks, and I made out a ticket in the saloon." He had in his pocket a blank Wisconsin Central Railway ticket and he filled out same with a car number, gross, tare and net weights,— as he said, "What I thought was about right." Inspectors had followed him to the place of delivery and, demanding his ticket, it showed a net weight of 8,440 pounds—1,150 pounds more than he actually had.

The ordinance is in part: "Any driver of a wagon * * * who shall have in his possession or who shall, upon request, produce or deliver any false or fraudulent memorandum or any memorandum which is not the result of an actual weighing of the produce so being delivered, shall be fined," etc. Counsel for plaintiff in error admits "the proof showed the ticket was not the result of an actual weighing," but insists very vigorously that the charge being in the conjunctive it was necessary "to prove each ingredient of the charge by a clear preponderance of the evidence," and that the proof did not show the ticket was false and fraudulent. The court instructed the jury "that the burden is on the city to show by a clear preponderance of the evidence in this case that," etc.

Bishop on Criminal Procedure, Vol. 1, sec. 436, says: "It is common for a statute to declare, that, if a person does this, or this, or this, he shall be punished in a way pointed out. Now, if, in a single transaction, he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally

by doing one of the things. Therefore an indictment upon a statute of this kind may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has *or,* and it will not be double and it will be established at the trial by proof of any one of them."

In Blemer v. The People, 76 Ill. 265, the court said, p. 272: "Where a statute forbids several things in the alternative, it is usually construed as creating but a single offense, and the indictment may charge the defendant with committing all the acts, using the conjunction *and* where the statute uses the disjunction *or."* Clifford v. State, 29 Wis. 327; State v. Kerr, 3 No. Dak. 523; City v. Marvin, 16 Minn. 91.

It is argued that although the ticket was not a correct or true ticket, it was not a false ticket, in that there was no evidence of intentional wrong and Hiltwein thought it "was about right." The court instructed the jury on the meaning of a false ticket as requested by plaintiff in error, and the jury might properly conclude that on being detected Mr. Hiltwein, who was an experienced driver, might naturally think the weight "was about right," and under all the circumstances find it was a false ticket. It follows that plaintiff in error could not have been prejudiced by the refusal of the court to give the instruction defining "fraudulent," and the judgment will be affirmed.

*Affirmed.*