## The People of the State of Illinois, Defendant in Error, v. Inez Jackson, Plaintiff in Error.

### Gen. No. 18,149.

1. PANDERING—*insufficiency of information.* Where an information for pandering fails to allege the means, as "by promises, threats, violence, or by any device or scheme" in the language of the statute, whereby a female person became an inmate of a house of prostitution, and uses the word "unlawfully" as a substitute or equivalent, on motion to quash the information will be held insufficient.

2. PANDERING—*sufficiency of information.* Where a pandering statute provides that any person who by certain means "shall cause, induce, persuade or encourage" a female person to enter a house of prostitution, etc., an information in such language using the word "or" after the "persuade" is rendered uncertain and vulnerable to attack on motion to quash; the word "and" should be used.

3. INDICTMENTS AND INFORMATIONS—*disjunctives.* Where the word "or" in a statute is used in the sense of "to-wit," it may properly be adopted in framing an information or indictment, but where a statute forbids several things in the alternative, it is usually to be construed as creating but a single offense, and the defendant may be charged with committing all the acts, using the conjunction "and" where the statute uses the disjunctive "or."

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed June 30, 1913.

LOUIS GREENBERG, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Baume delivered the opinion of the court.

Upon a trial in the Municipal Court by the court without a jury plaintiff in error was convicted of the offense of pandering and sentenced to imprisonment in the house of correction for one year and to pay a fine of $300 and costs of prosecution.

It is urged that the information fails to charge any offense and that the court erred in overruling motions interposed by plaintiff in error to quash the same and in arrest of judgment.

There is no appearance by defendant in error in this court.

The information charges "that Inez Jackson late of the said City of Chicago, heretofore, to-wit: on the 1st day of October, A. D. 1911, at the City of Chicago, aforesaid, did unlawfully cause, induce, persuade or encourage one Carmen Henkel, a female person to become an inmate of a house of prostitution at 3625 Ellis Park, contrary to the form of the statute," etc.

The statute, in so far as it is here pertinent, provides as follows:

"Any person who  *  *  *  by promises, threats, violence or by any device or scheme, shall cause, induce, persuade or encourage a female person to become an inmate of a house of prostitution  *  *  * shall be guilty of pandering," etc.

It will be observed that the information fails to allege the means, as "by promises, threats, violence or by any device or scheme," in the language of the statute, whereby plaintiff in error did cause, induce, persuade and encourage a female person to become an inmate of a house of prostitution. The word "unlawfully" employed in the information is not a substitute for or the equivalent of the words omitted, but merely asserts a conclusion of law, and upon the mo-

tion to quash, the information should have been held insufficient for a failure to allege the unlawful means employed in the language of the statute.

Furthermore, by the use of the disjunctive "or" preceding the word "encourage" the information was rendered uncertain and vulnerable to attack upon the motion to quash. 1 Bishop Crim. Proc., secs. 325, 585. Where the word "or" in a statute is used in the sense of "to-wit" it may properly be adopted in framing an information or indictment, but where a statute forbids several things in the alternative, it is usually to be construed as creating but a single offense, and the defendant may be charged with committing all the acts, using the conjunction "and," where the statute uses the disjunctive "or." *Blemer v. People,* 76 Ill. 265.

The motion to quash the information should have been sustained, and the judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*