## The People of the State of Illinois, Defendant in Error, v. Walter Speedy, Plaintiff in Error.

### Gen. No. 21,498.

1. PROSTITUTION, § 3a*—*when venue properly laid in information.* Where an information for pandering designates the State, county and city, where the court exercises its jurisdiction, and in the body thereof, states that the alleged offense was committed "at the City of Chicago" aforesaid, the venue is properly laid.

2. PROSTITUTION, § 3a*—*when place where offense of pandering committed sufficiently designated.* In a prosecution for pandering, the particular house in which the offense was committed need not be designated in the information, but it is a matter of proof which could have been limited by a bill of particulars, if asked for.

3. PROSTITUTION, § 3a*—*when information charging pandering sufficient.* An information for pandering under Hurd's Rev. St., 1913, ch. 38, par. 57g (J. & A. ¶ 3863), which charges substantially in the language of the statute that defendant did by means enumerated therein "procure a female inmate for a house of prostitution," and did cause, etc., "a female person to become an inmate" of such house, and by promises, etc., caused "an inmate  *  *  *  to remain therein as such inmate" and did by fraud, etc., procure such a person "to become an inmate of a house of ill fame and to enter a place in which prostitution is allowed and encouraged within the State," and did "procure a female person to come into this State for the purpose of prostitution," states several acts, each of which constitutes the offense of pandering, and they are not inconsistent or repugnant, and they may be charged in one count.

4. PROSTITUTION, § 3a*—*when information for pandering not bad on account of duplicity.* The offense of procuring a female person to come into this State for the purpose of prostitution may constitute a distinct transaction from causing her to enter a house of prostitution or to remain therein, but they may be so connected as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to constitute but different phases of one transaction, and there being nothing on the face of an information charging such several acts, to show that they were committed at different times or were distinct and separate offenses, the information is not bad on account of duplicity.

5.  Prostitution, § 4*—*when admission of evidence as to bringing prostitute into the State prejudicial error on prosecution for pandering.*  In a prosecution for pandering where it was charged both that defendant caused a female to enter a house of prostitution and that he induced her to come into the State for the purpose of prostitution, and the evidence tended to show that matters pertaining to her entry took place in the latter part of 1914, but evidence relating to the latter charge was to the effect that defendant sent for her in 1912 to come from another State into this State, *held* that the evidence indicated two distinct offenses and had no relation to the charge actually relied on, that of causing a female person to enter a house of prostitution, and in view of conflicting testimony, it was calculated to prejudice defendant with the jury, and that the admission of such testimony, over defendant's objection as to its competency, was reversible error, especially as the time was not within the statute of limitations, the information having been filed in April, 1915.

Error to the Municipal Court of Chicago; the Hon. John A. Mahoney, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1915.  Reversed and remanded.  Opinion filed March 28, 1916.  Rehearing denied April 10, 1916.

F. L. Barnett, for plaintiff in error.

Maclay Hoyne, for defendant in error.

Mr. Justice Barnes delivered the opinion of the court.

Plaintiff in error was convicted in the Municipal Court of Chicago on an information charging him with violating the act relating to pandering.  (Hurd's Rev. St. 1913, ch. 38, par. 57g, J. & A. ¶ 3863.)  A motion to quash was overruled.  The ruling is urged as error (1) because the venue was not properly laid; and (2)

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

because of failure to designate in what house the offense was committed; and (3) because of alleged duplicity.

As the information states in the caption thereof, the State, county and city where the court exercises its jurisdiction, and states in the body thereof that the alleged offense was committed "at the city of Chicago aforesaid," the venue was properly laid. (Vol. 1, Bish. New Crim. Proc. secs. 377-379.)

It was unnecessary to designate in what particular house the offense was committed. That was a matter of proof which could have been limited by a bill of particulars if asked for.

The information is in one count. It charges substantially in the language of the act that the defendant did by means enumerated therein "procure a female inmate for a house of prostitution" and did cause, etc., "a female person to become an inmate" of such a house, and by promises, etc., caused, etc., "an inmate of a house of prostitution to remain therein as such inmate" and did by fraud, etc., procure such a person "to become an inmate of a house of ill fame and to enter a place in which prostitution is allowed and encouraged within the State," and did "procure a female person to come into this State for the purpose of prostitution." These several acts, any one of which constitutes the offense of pandering, may be properly charged in one count, being but different means of committing the same offense and effecting the single act the statute aims to prevent, namely subjection of a female to the life of prostitution. Where there is but one offense which may be committed in different ways, they may in most instances, where not clearly repugnant, be charged in one count, and proof of the offense in any one of the ways will sustain the allegation. (Vol. 1, Bish. New Crim. Proc. sec. 586.)

There is no inconsistency or repugnancy between the several ways so alleged by which the offense may

be committed. We can conceive how procuring a female person to come into this State for the purpose of prostitution might constitute a distinct and separate transaction from causing her to enter a house of prostitution or to remain therein. Nevertheless they might be so connected as to constitute but different phases of one transaction. Together or separately they constitute but one cause of action, are embraced in the same general definition, and are made punishable in the same manner. There being nothing on the face of the information to indicate that the several acts were committed at different times or were distinct and separate offenses, we do not think the information was bad for duplicity. (*Blemer v. People*, 76 Ill. 265; *State v. Matthews*, 42 Vt. 542; *Cornell v. State*, 104 Wis. 527; *United States v. Fero*, 18 Fed. 901; *State v. Brady*, 16 R. I. 51; *Nicholas v. State*, 23 Tex. App. 317; 22 Cyc. 376.)

But while from the information there does not appear to have been two distinct offenses, the evidence indicated the contrary. It tended to show that the matters pertaining to her entry into a house of prostitution took place in the latter part of 1914. That relating to the charge of procuring the prosecuting witness to come into this State was to the effect that defendant sent for her in 1912 to come from Tennessee into this State. This testimony was erroneously admitted over defendant's objection to its competency, as the time was not within the period of the statute of limitations, the information having been filed in April, 1915. The testimony on that subject had no relation to the charge actually relied on, that of causing a female person to enter a house of prostitution, and in view of the conflicting testimony on the latter charge was calculated to prejudice defendant with the jury. For aught that can be told the jury may have found defendant guilty of procuring the prosecuting witness to come into this State in 1912 for the pur-

pose of prostitution. We think it was reversible error to admit the evidence. Hence the judgment will be reversed and the cause remanded.

*Reversed and remanded.*