The People of the State of Illinois, Defendant in Error, v. Fred W. Curtis, Plaintiff in Error.

Gen. No. 28,287.

1. CRIMINAL PROCEDURE—*sufficiency of information as to nature and cause of charge*. In all criminal prosecutions the accused has the right to demand a clear and intelligible written statement of the nature and cause of the accusation in order that he may be able to prepare fully to defend himself and that he may, if subsequently prosecuted for the same offense, plead the judgment in bar.

2. CRIMINAL PROCEDURE—*general motion to quash as demurrer*. In a criminal prosecution a general motion to quash the information, without in any way pointing out any particular wherein the information might be defective, was equivalent to a general demurrer and raised only questions as to defects of substance.

3. CRIMINAL PROCEDURE—*bill of particulars after demurrer overruled*. A defendant in a criminal prosecution has a right, if he desires more information in regard to the nature and cause of the accusation against him, to ask for a bill of particulars after his motion to quash has been overruled.

4. CORPORATIONS—*sale of securities in violation of Blue Sky Law*. In a general sense any one who offers to sell or sells securities is a solicitor within the meaning of the Illinois Securities Law.

5. CORPORATIONS—*sufficiency of information under Blue Sky Law*. Where an information charging violation of the Illinois Securities Law charged that defendant did unlawfully sell and offer for sale the securities in question it is hypercritical to argue that defendant was not sufficiently informed of the nature and cause of the accusation because the information did not, in express words, charge that he acted as solicitor or broker.

6. CORPORATIONS—*sufficency of information under Blue Sky Law*. An information under the Illinois Securities Law, Cahill's Ill. St. ch. 32, ¶ 254 et seq., held, to charge defendant with violation of section 29 and not sections 30, 31, 32, 33 or 34 of the act.

7. CORPORATIONS—*sufficiency of information under Blue Sky Law*. Where the information under which defendant was convicted of violation of the Illinois Securities Law, Cahill's Ill. St. ch. 32, ¶ 254 et seq., used the terms "Illinois Security Law" and "Act" and in the last paragraph charged violation of "The Illinois Securities Law," although the phraseology was not above criticism, there could be no doubt that the defendant was informed and not in any way

deceived as to the charge being of a violation of "The Illinois Securities Law."

8. CORPORATIONS—*duplicity in information under Blue Sky Law.* Under section 29 of the Illinois Securities Act, Cahill's Ill. St. ch. 32, ¶ 282, which makes "selling or offering to sell any securities" an offense, an information charging that defendant "did unlawfully sell and offer for sale securities" was not subject to the objection that it charged two separate and distinct offenses.

9. CRIMINAL PROCEDURE—*presumption on review as to jurisdiction of trial court.* Where an information for violation of the Illinois Securities Law, Cahill's Ill. St. ch. 32, ¶ 254 et seq., does not allege a previous conviction the appellate court is entitled to assume that defendant was charged and found guilty of a first offense of which the municipal court, in which defendant was tried, had jurisdiction.

Error by defendant to the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed April 30, 1924.

WILLIAM A. JENNINGS, for plaintiff in error.

ROBERT E. CROWE, State's Attorney, for defendant in error; EDWARD E. WILSON and CLYDE C. FISHER, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The defendant, Fred W. Curtis, was found guilty in the municipal court on an information charging him with a violation of the Illinois Securities Law [Cahill's Ill. St. ch. 32, ¶¶ 254-296], and was sentenced to pay a fine of $2,000 and costs. To review that judgment, this writ of error is prosecuted.

The information, filed June 5, 1922, recites that Curtis on April 29, 1922, in Chicago, Illinois, "did unlawfully sell and offer for sale securities, as defined in and by the Illinois Security Law," as class "D" securities, without compliance with the provisions of the law, and "without the issuer of such securities

then and there having first filed in the office of the Secretary of State  *  *  *  the statement and documents required  *  *  *  to be filed  *  *  *; and the securities so sold and offered for sale  *  *  *  were 5,000 shares in the Chicago Dry Storage Battery Co., and the said securities of the said issuer  *  *  *  were not in law then and there exempt from compliance with the provisions of the said Act  *  *  *  were not exempt from the provisions  *  *  *  requiring the statements  *  *  *  of the issuer specified in and by said Act to be filed in the office of the Secretary of State  *  *  *  as a condition precedent to the right to sell or offer for sale such securities of the said issuer in or within the said State of Illinois.'' It then recites further that the State's Attorney charges that Curtis, on April 29, 1922, did ''unlawfully sell and offer for sale unto Richard Guthmann the said securities  *  *  *  in violation of the Illinois Securities Law [Cahill's Ill. St. ch. 32, ¶¶ 254-296], and contrary to the statute.''

A jury was waived; a motion to quash was made and overruled; the defendant pleaded not guilty; and the court found ''the defendant guilty in manner and form as charged in the information''; and adjudged him ''guilty of the criminal offense of violating the. Illinois Securities Act [Cahill's Ill. St. ch. 32, ¶¶ 254-296], on said finding of guilty,'' and sentenced him to pay a fine of $2,000 and costs.

It is contended that the information did not inform the defendant of the nature and cause of the accusation against him, as required by the constitution; that, as the Illinois Securities Law [Cahill's Ill. St. ch. 32, ¶¶ 254-296] contains six or more sections that are highly penal, the language of the information failed, reasonably considered, sufficiently to inform him of the charge undertaken to be made against him.

It is the law that in all criminal prosecutions the accused has the right to demand a clear and intel-

ligible written statement of the nature and cause of the accusation in order, (1) that he may be able to prepare, fully, to defend himself, and (2) that he may, if subsequently prosecuted for the same offense, plead the judgment in bar. *Cochran v. The People,* 175 Ill. 28.

The information recites that, (1) he unlawfully sold and offered for sale class D securities without compliance with the Illinois Securities Law [Cahill's Ill. St. ch. 32, ¶¶ 254-296]; that (2) he did so without the issuer of such securities having first filed a required statement; that (3) the securities sold and offered for sale were 5,000 shares of a certain stock; that (4) those securities of the issuer were not then exempt from compliance with the provisions of the law requiring a statement by the issuer as a condition precedent; that (5) he did unlawfully sell and offer for sale unto one Guthmann the said securities in violation of the Illinois Securities Law.

In view of the "nature and cause of the accusation" as disclosed by the recitations of the information, it becomes necessary to consider sections 29, 30 and 31 of the Illinois Securities Law [Cahill's Ill. St. ch. 32, ¶¶ 282, 283, 284]. Counsel for the People claim that it charges a violation of sections 9 to 20 inclusive [Cahill's Ill. St. ch. 32, ¶¶ 262-273], the penalty for which is found in section 29 [Cahill's Ill. St. ch. 32, ¶ 282]. On the other hand, counsel for the defendant claims that if the information charges anything, it is a violation of the act generally, the penalty for which is provided in section 31 [Cahill's Ill. St. ch. 32, ¶ 284]. Was the conviction predicated on section 29 [Cahill's Ill. St. ch. 32, ¶ 282]? That section provides that, "Any solicitor, agent or broker, selling or offering to sell any securities in Class 'D' without compliance with the provisions of this Act, shall be deemed guilty of a misdemeanor." The information states that "one Fred W. Curtis  *  *  *  did unlaw-

fully sell and offer for sale securities," without the issuer having complied with the law. Whether, in the language of the act, as "solicitor, agent or broker" he sold and offered for sale, is not stated.

At the trial, prior to the plea, there was a general motion to quash the information, but nothing appears to have been done in the way of pointing out any particular wherein the information might be defective. Of course, that was equivalent to a general demurrer and raised only questions as to defects of substance. *People v. Munday,* 293 Ill. 191. The defendant had the right, if he desired more information in regard to the nature and cause of the accusation against him, to ask for a bill of particulars after his motion to quash had been overruled by the court. That, however, he did not do.

Whether the evidence showed particularly that the defendant acted as solicitor, agent or broker, in selling or offering to sell the class D securities, we are not informed, as the evidence introduced is not before us. Just exactly what the Legislature intended by the use of the words, "solicitor," "agent" or "broker," in section 29 [Cahill's Ill. St. ch. 32, ¶ 282], we do not know. It is true, however, in a general sense, that any one who offers to sell or sells securities is a solicitor, as it may be assumed from his conduct that he desires or solicits making a sale, or desired or solicited the sale actually made. With that definition in mind, it would seem, therefore, hypercritical to argue that the defendant was not sufficiently informed by the information of the nature and cause of the accusation, because it did not charge in express words that he acted as solicitor, agent or broker. We think the information was sufficient.

The conviction, of course, was not predicated upon section 30 [Cahill's Ill. St. ch. 32, ¶ 283], as the information does not recite that the defendant as issuer of securities, or as an officer, director, trustee or agent

thereof, sold or offered to sell any securities in class D. Nor could the conviction be predicated upon section 31 [Cahill's Ill. St. ch. 32, ¶ 284]. That section provides that, "Any person or corporation, whether acting on his or its own behalf or on behalf of another violating any of the provisions of this Act, shall be deemed guilty of a misdemeanor," and given a maximum fine for the first offense of $500, and for a subsequent offense a maximum fine of $1,000 or imprisonment. Here the court fined the defendant $2,000 and costs, which, of course, is more than the maximum amount authorized under section 31 [Cahill's Ill. St. ch. 32, ¶ 284].

Sections 32, 33 and 34 [Cahill's Ill. St. ch. 32, ¶¶ 285, 286, 287] are, obviously, inapplicable. The only section under which the sentence was proper, is section 29 [Cahill's Ill. St. ch. 32, ¶ 282].

It is further contended on behalf of the defendant that as the information used the phrase, "Illinois Security Law," and the word "Act" three times, and the phrase, "Illinois Securities Law," it is defective and does not charge any offense against the laws of the State of Illinois. Section 1 [Cahill's Ill. St. ch. 32, ¶ 254] of the Act provides as follows: "This act shall be known as 'The Illinois Securities Law,' " and in the last paragraph of the information, the defendant is charged with violation of "The Illinois Securities Law." Although the phraseology of the information is not above criticism, there is no doubt that the defendant was informed, and not in any way deceived, as to the charge being a violation of "The Illinois Securities Law."

Counsel for the defendant criticise, also, the use of the words in the information "did unlawfully sell and offer for sale securities," claiming that those words charged two separate and distinct offenses. Section 29 [Cahill's Ill. St. ch. 32, ¶ 282] contains the words, "selling or offering to sell any securities"; and sec-

tion 2 [Cahill's Ill. St. ch. 32, ¶ 255] of the Act contains the following: "The term 'sell' means any Act by which a sale is made and the term 'sale' or 'offer for sale' shall include a subscription, an option of sale, a solicitation of sale, an attempt to sell, or an offer to sell, directly or by an agent, by a circular, letter or advertising, or otherwise; *provided, however,* that nothing herein shall limit or diminish the full meaning of the terms 'sale,' 'sell' or 'offer for sale' as used by or accepted in courts of law or equity."

The words in the information are "did unlawfully sell and offer for sale securities," and section 9 [Cahill's Ill. St. ch. 32, ¶ 262] provides that "selling or offering to sell" is a misdemeanor.

In *Blemer v. The People,* 76 Ill. 265, the court said: "Where a statute forbids several things in the alternative, it is usually construed as creating but a single offense, and the indictment may charge the defendant with committing all the acts, using the conjunction 'and' where the statute uses the disjunctive 'or.'" Citing 1 Bishop's Criminal Procedure, 819; *State v. Whitted,* 3 Ala. 102; *Ray v. Bowen,* 1 Dev. C. C. 22; *People v. Adams,* 17 Wend. 475.

This Court, in *The People v. Revesz,* 229 Ill. 616, held that where the information used the words, "offer for sale" and "sale," it was necessary to prove the sale, and that mere proof of offering to sell did not suffice. In the instant case, in our judgment, the words of the information are not subject to criticism. Of course, if the evidence were before us and did not show a sale, but only an offering to sell, the question presented would be similar to that which arose in the *Revesz* case, *supra.*

It is further contended on behalf of the defendant, that the information does not state or intimate whether the offense attempted to be charged is a first, second or subsequent offense.

In *The People v. Boykin,* 298 Ill. 11, the court said,

in considering the jurisdiction of the municipal court: "Every fact necessary to sustain a sentence imposed by a court in a criminal case must be alleged in the information or in the indictment, and an indictment under which it is sought to impose a higher penalty by reason of a previous conviction must allege the fact of such conviction." As the information here does not allege a previous conviction, we are entitled to assume that he was charged with and found guilty of a first offense, and of that the municipal court had jurisdiction.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

O'CONNOR, J. and THOMSON, J. concur.