## The People of the State of Illinois, Defendant in Error, v. George F. Mash, Plaintiff in Error.

1. MEDICINE AND SURGERY—*giving oral prescription as unlicensed practice of medicine.* The giving of written prescriptions is not necessary to constitute a violation of the statute, prohibiting the practice of medicine without a license, the giving or indicating of the prescription orally being sufficient.

2. MEDICINE AND SURGERY—*sufficiency of evidence of unlicensed practice of medicine.* In a prosecution for practicing medicine without a license, evidence that defendant was called to see a sick person, talked with him, made some sort of examination and said that he had worms and that his blood was out of shape and left herbs therefor and called on the patient several times thereafter, at one time giving him some liquid medicine to relieve a pain in the patient's throat, was ample to sustain a conviction.

3. MEDICINE AND SURGERY—*when request to instruct properly refused in prosecution for unlicensed practice of medicine.* In a prosecution charging the doing of particular acts in violation of the act prohibiting the practicing of medicine without a license, a request to instruct that the gist of the charges in the information is unlawfully practicing medicine without a license and that if the jury had a reasonable doubt from all the evidence whether he was engaged in the practice of medicine as a business or was engaged in the sale of medicine their verdict should be not guilty, was misleading and was properly refused.

4. MEDICINE AND SURGERY—*proof of unlicensed use of title of "doctor" or "physician" as sustaining indictment charging use in conjunctive.* Under the statute prohibiting the practice of medicine without a license or the attaching of the title "doctor," "physician," "surgeon," etc., to one's name indicating that he is engaged in the treatment of human ailments, Cahill's Ill. St. ch. 91, ¶ 25, proof that a defendant attached either one of such titles to his name was sufficient to sustain a conviction.

5. MEDICINE AND SURGERY—*statute prohibiting unlicensed practice of medicine as including herb doctors.* The statute prohibiting the practice of medicine without a license, Cahill's Ill. St. ch. 91, ¶ 25, is broad enough to include herb doctors.

Error by defendant to the County Court of Perry county; the Hon. J. G. VANKEUREN, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925.

L. A. CRANSTON, for plaintiff in error.

J. E. HARRIS, State's Attorney, for defendant in error.

MR. JUSTICE BARRY delivered the opinion of the court.

The statute provides that if any person shall ''suggest, recommend or prescribe any form of treatment for the palliation, relief or cure of any physical or mental ailment of any person with the intention of receiving therefor, either directly or indirectly, any fee, gift or compensation whatsoever; * * * or shall attach the title Doctor, Physician, Surgeon, M. D., or any other word or abbreviation to his name,

indicative that he is engaged in the treatment of human ailments as a business; and shall not then possess * * * a valid license * * * to practice the treatment of human ailments in any manner, he shall be guilty of a misdemeanor," etc. Cahill's Ill. St. ch. 91, ¶ 25.

Plaintiff was found guilty of a violation of both the provisions aforesaid and was fined $200 and costs. There is but very little conflict, if any, in the evidence. Plaintiff had an office in Du Quoin, Illinois, on which his name with the title, "Herb Doctor" appeared in large letters. He used cards bearing the same inscription together with his telephone number which he gave to those who might need his services. He had a stock of herbs consisting of 900 or 1,000 varieties, and says that the firm from which he purchased a part thereof gave him a book which informed him as to what formulas or combinations were proper for various ailments; that when people told him they had kidney or heart trouble or other ailments he would tell them to use the herbs as he would tell them to and they would be better. He charged $35 for three months' treatment. He gave a customer three kinds of medicine, one for muscular rheumatism and the others for his blood and bowels for which he received $35. He was born in Africa, is a coal miner by trade but has sold herbs off and on in nineteen states, often traveling from town to town.

Mr. Stotz was ill in July, 1923, and the doctors did not seem to know what his trouble was. He and his wife heard of plaintiff and called him to see the patient. They told him that the doctors did not know what was the matter and asked him if he could tell them. Plaintiff talked with them and made some sort of an examination and said he had worms and that his blood was out of shape and left herbs therefor. Plaintiff called on the patient eight or nine times and during his last call the patient had a hurting in his throat and plaintiff gave him a liquid medicine to re-

lieve it.  Mr. Stotz died about two months after plaintiff was first called.  Mrs. Stotz says that plaintiff put up the medicine and left it with verbal directions as to how it should be taken and that she paid him $35 for what he did and the medicine furnished.

Plaintiff admits he was called to the home of Mr. Stotz, that he looked at him and talked with him and he thought, from what Mr. Stotz told him, he had gastritis and double cataract in the throat; that he told Mr. Stotz that if he would take his medicine it would help him; that he gave him Jerusalem oak for worms, pumpkin seed for swelling, calamus root and wild jemm for gastritis and other ailments; that on one occasion Mr. Stotz was choking and that he gave him rosin and gumbo in liquid form to relieve him, and that he charged and was paid $35.

Plaintiff contends that the statute only applies to those who issue written prescriptions with the intention of receiving pay therefor.  The contention is not sound.  In medicine to "prescribe" remedies is defined to be "to write or to give medical directions; to indicate remedies."  It is not necessary that such a prescription should be in writing.  It may be given or indicated verbally.  *State v. Lawson,* 65 Atl. (Del.) 593; *State v. Lawson,* 6 Penn. (Del.) 395, 69 Atl. 1066; *In re Bruendl's Will,* 102 Wis. 45, 78 N. W. 169. In the second *Lawson* case, *supra,* the court said: "If the testimony, therefore, shows that the defendant gave directions to or indicated to any of his patients that they use powders, plasters, baths of alcohol, whisky or mud, or other remedies of any kind, such direction or indication by him would be prescribing remedies and make him liable under this statute."

A defendant gave his patient little white pills containing nothing but predigested food and had her place her feet in a tub of water while holding with her hands the cords of a dry electric battery which he had placed in the tub.  He told her that she had "gen-

eral debility'' and thought he could cure her with ten or twelve treatments at one dollar each and would refund the money if no good resulted. He said, in court, that neither the pills nor the electric battery had any curative properties and that they were used simply to bring about a state of thought in the patient which works the healing of diseases. The court held that he was treating disease and having no license he was properly convicted. *Smith v. State,* 8 Ala. App. 352, 63 So. 28.

A defendant was a farmer and manufactured from vegetables grown on his farm what he believed to be a remedy for cancer. He applied the medicine to the affected parts under an agreement to have $50 down and a like amount when a cure should be effected. The court held that he had violated a statute similar to the one in question and his conviction was sustained. *State v. Huff,* 75 Kan. 585, 90 Pac. 279. There is ample evidence to support the verdict.

Plaintiff's first refused instruction was to the effect that the gist of the charges in the information is a charge of unlawfully practicing medicine without a license and if the jury had a reasonable doubt from all the evidence whether he was engaged in the practice of medicine as a business, or was engaged in the sale of medicine, their verdict should be not guilty. He was charged with the doing of particular acts in violation of the statute. The instruction was misleading and properly refused.

The fourth count of the information charged that he attached the title of ''doctor'' and ''physician'' to his name, indicative that he was engaged in the treatment of human ailments as a business and that he had no license, etc. He argued that he could not be convicted under this count because there was no proof that he attached both titles to his name. The contention is not sound. Proof that he attached either title was sufficient. *Blemer v. People,* 76 Ill. 265; *City of*

*Chicago v. Hiltwein,* 161 Ill. App. 32-34; *People v. Speedy,* 198 Ill. App. 427. For that reason his second refused instruction was properly refused. We have nothing to do with the wisdom or justice of the law. Those are matters for the consideration of the legislature and its constitutionality is for the Supreme Court.

It is broad enough to include herb doctors and it was violated by the plaintiff. The judgment is affirmed.

*Affirmed.*